**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Alex Gonzalez, et al.,<br><br>Defendants. | Case No. 2:25-cr-000170-GMN-BNW<br><br>**ORDER** |

This Court has set a hearing for December 10, 2026, on Defendant Maria Paola Ortiz-Sanchez's motion to suppress at ECF No. 128. *See* ECF No. 165. Because the motion also requests an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), this Court resolves that request now so the parties can prepare accordingly.

A defendant is entitled to a *Franks* hearing if she makes a substantial preliminary showing that (1) the supporting affidavit contained a false statement made deliberately or with reckless disregard for the truth, and (2) the false statement was material to the issuing judge's findings of probable cause or necessity. *United States v. Staves*, 383 F.3d 977, 982 (9th Cir. 2004). A false statement is material if the application, purged of that statement, would not support those findings. *Id.* The movant bears the burden on both elements. *United States v. Chavez-Miranda*, 306 F.3d 973, 979 (9th Cir. 2002).

In her reply, Ortiz-Sanchez contends that she can prevail without this Court reaching the question of veracity. But if this Court does reach it, she seeks to preserve her *Franks* challenge to the affidavit's toll-record attributions.[1] ECF No. 145 at 9.

---

[1] Her motion also challenged the affidavit's statement that search warrants "have been executed in the past" and its prediction that Garcia would discuss the Glenn homicide. ECF No. 128 at 19–23. Her reply does not press those challenges. In any event, she makes no showing that either statement was material.

This Court need not decide whether the attributions were false or made recklessly, because Ortiz-Sanchez has not made a substantial preliminary showing of materiality. Materiality asks what happens to the necessity showing once the toll attributions are removed. Ortiz-Sanchez never asks that question. Instead, she argues that the affidavit fails to establish necessity even with the attributions included. That is a facial challenge under 18 U.S.C. § 2518(1)(c), which this Court will address at the upcoming hearing. It says nothing about whether the attributions were material.

None of the co-defendants who joined the motion make an independent showing of materiality. The request for a *Franks* hearing is therefore **DENIED.** The only basis for the requested evidentiary hearing was the *Franks* issue. Accordingly, the December 10, 2026, hearing before this Court is limited to oral argument on the motion to suppress (ECF No. 128) only.

DATED: November 25, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE